UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JONATHAN KING,<br>    Defendant. | No. 22-CR-64-JJM-PAS |

# ORDER

Defendant Jonathan King seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) claiming that he did not realize that he would be ineligible for First Step Act credit because of the charge to which he pleaded guilty. ECF No. 81.

Where a defendant has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A)(i),[1] a district court may reduce a federal inmate's term of imprisonment and impose a term of probation or supervised release if it finds that defendant has presented "extraordinary and compelling reasons" to warrant the reduction, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Ruvalcaba*, 26 F.4th 14, 18–19 (1st Cir. 2022); 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of establishing that extraordinary and compelling reasons exist and that he is no longer a danger to the community, and that the section 3553(a) factors favor release.

---

[1] The Government points out that Mr. King has not yet exhausted his administrative remedy. The Court need not reach that issue because of its finding that Mr. King is not entitled to a reduced sentence.

Mr. King has not established an extraordinary or compelling reason for reducing his sentence. Once Mr. King pleaded guilty to a violation of 21 U.S.C. § 841(b)(1) – distribution of 400 grams or more of fentanyl – he became illegible for First Step Act credit.

> A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law . . . Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

18 U.S.C. § 3632(d)(4)(D)(lxvi). Congress decided that those convicted of illegally distributing this drug at this quantity, could not receive First Step Act credit toward their sentence.

Count II–Possession with Intent to Distribute 400 grams of more of fentanyl, in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(A) – which Mr. King pleaded guilty to– is a disqualifying factor to First Step Act eligibility. Under 18 U.S.C § 3632(d)(4)(d)(lxvi), the conviction of Count II makes Mr. King ineligible to receive credits under the FSA.

Before the sentencing, Mr. King had pleaded guilty to the statute that made him ineligible for First Step Act credit. At sentencing, Mr. King alleges that "the Court encouraged Mr. King to participate in programs to reduce his time under the First Step Act." ECF No. 83 at 2. But the Court never referenced the First Step Act or any reduction in sentence. What the Court said was:

> During that time, Mr. King, I hope–we talked about to probation about you wanting to get vocational skills. I hope you get in a setting where you pick some of that up, because that will be important. I hope you consider the RDAP program. That's a federal program. Mr. Knight can tell you about it. I've toured that, I've gone up to Devens and Berlin and other places and toured the RDAP. It's a really effective program for helping people with long-term drug addictions. Please consider it if it's offered to you and advocate for it for yourself, because I think it will be a really great help for you on it.

The disparity among various drugs that Mr. King relies upon for his plea for a reduced sentence, is a statutorily mandated discrepancy, not one in this case that would represent extraordinary or compelling reason to reduce the sentence.

The Court DENIES Jonathan King's Motion for a Reduction of his Sentence. ECF No. 81.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

October 14, 202