UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |  |
| v. | ) ) ) | No. 22-cr-64-JJM-PAS |
| JONATHAN KING,  Defendant. | ) ) ) |  |

ORDER

On October 14, 2025, this Court entered an order in which it denied Defendant Jonathan King's motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 86. Then, on November 18, 2025, the Court entered another order, denying Mr. King's motion for reconsideration. ECF No. 89.

Mr. King filed a notice of appeal on December 19, 2025, seeking to appeal both of the Court's orders. ECF No. 90. Subsequently, the First Circuit entered an order, observing that "it appears that the notice of appeal is late." *United States v. King*, No. 26-1001, slip op. at 1 (1st Cir. Feb. 12, 2026).

The First Circuit cited Rule 4(b) of the Federal Rules of Appellate Procedure, which provides that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after … the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1). The court also noted that a district court, "upon a showing of excusable neglect or good cause, may enlarge the time for filing a notice of appeal filed within the thirty days immediately following that fourteen-day period." *King*, slip op. at 1 (citing *United States v. Batista*, 22 F.3d 492,

493 (2d Cir. 1994)). "The district court does not, though, have the authority to extend the time to appeal beyond that point." *Id.* (citing Fed. R. App. P. 26(b)(1)).

The First Circuit found that, as to this Court's October 14th order, Mr. King likely filed his notice of appeal of that order outside of the thirty days immediately following the fourteen-day period to appeal. *Id.* However, the Court's November 18th order is a different story. The First Circuit transmitted Mr. King's notice of appeal back to this Court "for a ruling whether the district court will enlarge the time for filing an appeal and will consider this notice of appeal timely filed as to the November 18 order." *King*, slip op. at 1-2.

The Court finds Mr. King's notice of appeal to be timely filed within the 30-day window permitted by Rule 4(b)(4). Though Mr. King did not submit his notice of appeal of the Court's order on his motion for reconsideration within the fourteen-day period to appeal, he did file the notice in the 30 days immediately following that 14-day period.[1] *See* Fed. R. App. P. 4(b)(4) (providing that a district court may "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the [14-day period]").

The Court must also consider whether Mr. King's delay in filing his notice of appeal was due to inexcusable neglect. The finding of whether "excusable neglect" exists "is at bottom an equitable one, taking into account all of the relevant

---

[1] For those doing the math in their heads, 14 days after the Court's issuance of its November 18, 2025 order is December 2, 2025. Then, 30 days immediately following that date is January 1, 2026. The filing of Mr. King's notice of appeal falls within the appropriate window.

2

circumstances surrounding the party's omission." *Virella-Nieves v. Briggs & Stratton Corp.*, 53 F.3d 451, 454 (1st Cir. 1995) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In *Pioneer*, the Supreme Court laid out the following non-exhaustive factors to consider in making such a finding: (1) "the danger of prejudice to the [opposing party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Tubens v. Doe*, 976 F.3d 101, 105 (1st Cir. 2020) (quoting *Pioneer*, 507 U.S. at 395).

Here, the Court finds that Mr. King's delay was due to excusable neglect. First, the length of Mr. King's 17-day delay from the lapse of Rule 4(b)'s deadline was relatively brief. *Cf. United States v. González-Carro*, No. 11-cr-45-14(RAM), 2021 WL 1914146, at *2 (D.P.R. May 12, 2021) (finding eight-day delay after "Fed. R. App. 4(b) deadline elapsed but well within the 30-day extension that Fed. R. 4(b)(4) allows"); *United States v. Young*, No. 2:15-cr-335-RDP-TFM-10, 2017 WL 6337462, at *1 (M.D. Ala. Apr. 18, 2017) (holding that, even though an inmate's motion had been docketed a day after the 30-day deadline, his motion was timely because it was signed and dated prior to the 30-day term).

Second, Mr. King is a pro-se litigant who is currently in prison. He ought to be afforded a degree of flexibility given that he has a limited ability to monitor the processing of his appeal. *See Houston v. Lack*, 487 U.S. 266, 271 (explaining that a "*pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to

prison authorities whom he cannot control or supervise and who may have every incentive to delay"); *see also Oliver v. Comm'r of Mass. Dep't of Corr.*, 30 F.3d 270, 272 (1st Cir. 1994).

Finally, there is no evidence in the record to suggest that the Government would be prejudiced by the enlarging of the time for Mr. King to file his notice of appeal. Similarly, there is no reason to believe that Mr. King acted in bad faith in filing a late notice.

Accordingly, the Court will enlarge the time to appeal and retroactively deems Mr. King's December 19, 2025 notice of appeal as to the November 18 order to be timely filed.

The Clerk of the Court shall send a copy of this order to the United States Court of Appeals for the First Circuit and to Mr. King at:

> Jonathan Richard King
> FCI Danbury
> 33 ½ Pembroke Road
> Danbury, CT 06811

IT IS SO ORDERED.

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court
DATE: 18 February 2026

4